**In re Dennis SPILOTROS, Debtor.**

**The CADLE COMPANY, INC., Appellant,**

**v.**

**Dennis SPILOTROS, Defendant/Appellee.**

**Bankruptcy Nos. 90–26–CIV–FTM–17(D), 88–3504–9P7.**

United States District Court, M.D. Florida, Tampa Division.

June 12, 1990.

See also, D.C., 117 B.R. 691.

Karl Carpenter Landsteiner, Goetz, Hartman & Landsteiner, Fort Myers, Fla., for appellant.

Alfred Edward Johnson, O'Halloran, Johnson & Waltemyer, Fort Myers, Fla., for appellee.

APPEAL FROM THE UNITED STATES
 BANKRUPTCY COURT FOR THE
 MIDDLE DISTRICT OF FLORIDA

ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the court on appeal from the Order on Objection to Claim in Adversary Proceeding No. 880–480, entered September 29, 1989, by Chief Bankruptcy Judge Alexander L. Paskay. 105 B.R. 708.

## FACTS

This is a Chapter 7 case and the matter under consideration is the dischargeability vel non of certain debts owed to The Cadle Company, Inc. (hereinafter Cadle), Plaintiff, by Dennis Spilotros, the debtor in the above captioned Chapter 7 action. In a single count complaint before the Bankruptcy Court, Plaintiff contended that the debts owed to it by the Debtor are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

In order to prevent discharge pursuant to § 523(a)(2)(B), Plaintiff must prove:

1.  The debt was obtained by use of a statement in writing;
2.  The writing was materially false;
3.  The writing concerns the debtor's financial condition;
4.  **The lender reasonably relied on the writing;**
5.  The debtor made, or caused the writing to be made with the intent to deceive.

In December, 1985, the debtor obtained loans for $43,000.00 and $100,000.00 from American Bank of Alma, Wisconsin (hereinafter the Bank). When requesting these loans, the debtor submitted written, sworn financial statements to the Bank's President, Mr. Al Kurshner, Sr. (hereinafter Kurshner). These financial statements indicated the debtor's net worth was approximately $825,000.00.

These financial statements did not accurately reflect the debtor's net worth because they included interest in a home which the debtor had deeded to his former wife in a divorce settlement four months earlier. Additionally, the debtor's sworn financial statement significantly over estimated the value of his real estate holdings and his interest in a fast food chain.

The lender, Kurshner, was extensively involved with the debtor in several business enterprises over the past decade. Conse-

quently, he was in an ideal position to know that the debtor significantly exaggerated his net worth. Additionally, the lender was not only the President of the Bank, but the President of the Shopping Center Development Corporation of America in whose account the borrowed funds were directly deposited. The lender had strong personal incentives to assist the debtor in acquiring this loan. However, when recommending the approval of this loan to his board of directors, Kurshner did not inform them of his conflicting interests.

The Bank was eventually placed into receivership under the auspices of the Federal Deposit Insurance Corporation, who became its successor in interest. In 1988, the FDIC sold and transferred the notes and security documents to Plaintiff, Cadle. Plaintiff currently is the owner and holder of the promissory notes and thus, has standing to bring this nondischargeability action.

At the nondischargeability hearing before Judge Paskay, Kurshner testified that he would not have recommended the loan to the board if he had known that the debtor falsified his financial statement. The Bankruptcy Court recognized that the debtor falsified his financial statement. However, the Court determined that Plaintiff did not prove by clear and convincing evidence that the lender relied on the debtor's false written statement. Thus, the Bankruptcy Court determined that the debtor's $143,000.00 debt was dischargeable.

## STANDARDS OF APPELLATE REVIEW

The applicable standards of appellate review are as follows: The burden is squarely on the appellant to show that a finding is clearly erroneous, *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir. 1969), Bankruptcy Rule 8013, and reversal of a finding is only proper when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S.

364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Inter-Cities Navigation Corp. v. United States*, 608 F.2d 1079, 1082 (5th Cir.1979). *Matter of Multi-ponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980). Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. However, due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses."

This Court has carefully reviewed the memorandum order of Judge Paskay, as well as the briefs of both parties. Additionally, this Court has carefully scrutinized a transcript of the January 18, 1990, Final Evidentiary Hearing in this matter. Under the standards quoted above, the Court concludes that the findings of fact contained within the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, this Court affirms the ruling of the Bankruptcy Court.

## DISCUSSION

■ In order to prevent discharge pursuant to § 523(a)(2)(B), Plaintiff must prove:

1. The debt was obtained by use of a statement in writing;
2. The writing was materially false;
3. The writing concerns the debtor's financial condition;
4. **The lender reasonably relied on the writing;**
5. The debtor made, or caused the writing to be made with the intent to deceive.

The Bankruptcy Court properly noted that the burden of proof lies with Plaintiff to prove each element of § 523(a)(2)(B) by clear and convincing evidence. Although the Bankruptcy Court believed most of the elements of the test were proven by Plaintiff, the court was not clearly convinced that the lender relied on the debtor's false financial statement. This Court agrees with the Bankruptcy Court that all elements, including reasonable reliance, must be proven by Plaintiff for a debt to be declared nondischargeable pursuant to 11

U.S.C. § 523(a)(2)(B). *See Security Title and Guaranty Co. v. Stivers*, 84 B.R. 852, 854–55 [Bankr.S.D.Fla. (1988)].

In his brief, Plaintiff/Appellant argues that Kurshner testified that he would not have recommended the same loan to the board of directors if he had known the debtor's actual net worth. Additionally, Kurshner testified, that if he had known the debtor falsified his financial statement, the lender would not have recommended that the Bank make any loan to the debtor. Thus, Plaintiff suggests that the Bankruptcy Court should have been "clearly convinced" of the lender's reliance on the debtor's financial statements. However, the *only* witness who testified that the Bank relied on these statements was Kurshner, a lender whose credibility was obviously questionable.

Noting the substantial unethical lending practices of Kurshner, his testimony does not approach the level of clearly convincing. Judge Paskay was in the best position to determine witness credibility. The Bankruptcy Court was not clearly convinced by Plaintiff that the lender relied on the false financial statement of the debtor. Likewise, this Court is not clearly convinced that this factual determination by the Bankruptcy Court was wrong. Accordingly, it is

ORDERED that the Final Judgment of Dischargeability entered on September 29, 1989, by Chief Judge Alexander L. Paskay be affirmed. The Clerk of the Court is directed to enter judgment for Appellee in accordance with this Order.

DONE AND ORDERED.