**In re Dennis SPILOTROS, Debtor.**

**The CADLE COMPANY,
INC., Appellant,**

v.

**Dennis SPILOTROS,
Defendant/Appellee.**

**No. 90–26–CIV–FTM–17(D).**
**Bankruptcy No. 88–3504–9P7.**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 8, 1990.

1. Appellees were permitted to cancel the agreement upon 90 days notice.

Karl C. Landsteiner, Goetz, Hartman & Landsteiner, Fort Myers, Fla., for appellant.

Alfred Johnson, Roger Waltemyer, Fort Myers, Fla., for defendant/appellee.

## MOTION FOR RECONSIDERATION OR REHEARING

KOVACHEVICH, District Judge.

This cause is before the Court on a motion for rehearing from an Appeal from the United States Bankruptcy Court for the Middle District of Florida, entered by this Court on June 12, 1990. 115 B.R. 368.

## FACTS

This is a Chapter 7 case and the matter under consideration is the dischargeability vel non of certain debts owed to The Cadle Company, Inc., Plaintiff, by Dennis Spilotros, the debtor in the above captioned Chapter 7 action. In a single count complaint before the Bankruptcy Court, Plaintiff contended that the debts owed to it by the debtor are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

In order to prevent discharge pursuant to § 523(a)(2)(B), Plaintiff must prove:

1. The debt was obtained by use of a statement in writing;
2. The writing was materially false;
3. The writing concerns the debtor's financial condition;
4. The lender reasonably relied on the writing;
5. The debtor made, or caused the writing to be made with the intent to deceive.

The Bankruptcy Court determined that Plaintiff did not prove by clear and convincing evidence that the lender relied on the debtor's false written statement. Thus, the Bankruptcy Court determined that the debtor's $143,000.00 debt was dischargeable. On appeal, this Court concluded that the Bankruptcy Court's determination was not clearly erroneous.

However, as Plaintiff/Creditor notes in this motion, this Court incorrectly believed that the loan officer, Mr. Krushner, was President of Shopping Center Development Corporation. Nevertheless, this Court has again reviewed the record in this proceeding, and determines this error is harmless. Under the harmless error rule this Court may disregard errors which do not affect substantial rights. Rule 61, Fed.R.Civ.P.

■ Although the Bankruptcy Court believed most of the elements of the test were proven by Plaintiff, the court was not clearly convinced that the lender relied on the debtor's false financial statement. This Court still maintains that the Bankruptcy Court's determination of dischargeability was not clearly erroneous. All elements, including reasonable reliance, must

be proven by Plaintiff for a debt to be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). *See Security Title and Guaranty Co. v. Stivers*, 84 B.R. 852, 854-5 [Bankr.S.D.Fla. (1988)].

Plaintiff suggests that the Bankruptcy Court should have been "clearly convinced" of the lender's reliance on the debtor's financial statements. However, the *only* witness who attempted to support Plaintiff's claim of reliance was Krushner. Even this sole witness, Krushner, could not recall reviewing the debtor's financial statement before recommending this loan. (Trial Record page 54.) He merely *"assumed"* he reviewed the debtor's financial statement prior to recommending the loan. *Id.*

Additionally, as this Court properly noted when denying Plaintiff/Creditor's appeal, Krushner's credibility was far from impeccable. Thus, Plaintiff/Creditor did not carry its burden of proof. Reasonable reliance was not demonstrated. The Bankruptcy Court was not clearly convinced that the lender relied on the debtor's written financial disclosure. Likewise, this Court is not convinced the Bankruptcy Court was clearly erroneous. Accordingly, it is

ORDERED that Plaintiff/Creditor's motion for reconsideration or rehearing be granted and that the relief requested by Plaintiff/Creditor be denied. This Court reaffirms it's decision to uphold the order of the Bankruptcy Court.

DONE AND ORDERED.